J-S65008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD W. GIBBS | : | |
| | : | |
| Appellant | : | No. 507 MDA 2018 |

Appeal from the PCRA Order February 28, 2018
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002421-2007

BEFORE: SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY SHOGAN, J.: **FILED: JANUARY 11, 2019**

Appellant, Richard W. Gibbs, appeals from the order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

On March 13, 2008 Appellant pled guilty to fourteen counts of possessing sexually explicit computer images of children under the age of eighteen.[1] On July 22, 2008, the trial court sentenced Appellant to serve a term of incarceration of one to seven years on each of the fourteen counts. The sentences were made to run concurrent to each other but consecutive to the sentence Appellant was serving in Ohio.[2] No direct appeal was filed.

---

[1] 18 Pa.C.S. § 6312(d)(1).

[2] Appellant has averred that he began serving the instant sentence on November 30, 2016. PCRA Petition, 9/19/17, at 1.

Appellant filed his first PCRA petition, *pro se*, on June 13, 2012, and the PCRA court appointed the public defender to represent him. The PCRA court held an evidentiary hearing on November 5, 2012. On September 12, 2013, the PCRA court entered an order denying Appellant's PCRA petition. Appellant filed an appeal, and on August 22, 2014, this Court affirmed the order of the PCRA court. *Commonwealth v. Gibbs*, 106 A.3d 173, 1808 MDA 2013 (Pa. Super. filed August 22, 2014) (unpublished memorandum).

Appellant filed the instant PCRA petition, *pro se*, on September 19, 2017, in which he sought removal of all Sexual Offender Registration and Notification Act ("SORNA") registration requirements pursuant to *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). The PCRA court appointed counsel. On January 16, 2018, counsel filed an amended PCRA petition. Ultimately, in an order filed on February 28, 2018, the PCRA court denied relief due to a lack of jurisdiction. This timely appeal followed. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement. The PCRA court filed its opinion pursuant to Pa.R.A.P. 1925(a) on April 10, 2018.

Appellant sets forth the following issue for our consideration:

I. Was [Appellant's] petition pursuant to the [PCRA] timely filed, providing the Cumberland County Court of Common Pleas jurisdiction to decide the merits of his petition?

Appellant's Brief at 4 (full capitalization omitted).

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the

PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Cintora***, 69 A.3d 759, 762 (Pa. Super. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and

- 3 -

(iii), is met.[3]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).  *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Our review of the record reflects that the trial court imposed Appellant's judgment of sentence on July 22, 2008.  Appellant did not file a direct appeal.  Therefore, Appellant's judgment of sentence became final on August 21, 2008, thirty days after the trial court imposed the judgment of sentence and Appellant failed to file a direct appeal with this Court.  *See* 42 Pa.C.S. §

---

[3]  The exceptions to the timeliness requirement are:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

9545(b)(3); Pa.R.A.P. 903(a).  Thus, in order to be timely, Appellant needed to file this PCRA petition on or before August 21, 2009.  Appellant did not file the instant PCRA petition until September 19, 2017.  Accordingly, Appellant's PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under any of the three limited exceptions to the timeliness requirements of the PCRA.  42 Pa.C.S. § 9545(b)(1).  If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted.  42 Pa.C.S. § 9545(b)(2).

Appellant attempts to invoke the third exception to the PCRA timeliness requirements, that being "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."  42 Pa.C.S. § 9545(b)(1)(iii).  In essence, Appellant relies upon the Pennsylvania Supreme Court's decision in **Muniz**, for the proposition that he should not be compelled to register pursuant to SORNA.  The **Muniz** Court held that the registration requirements set forth under SORNA constitute criminal punishment as opposed to a mere civil penalty, and therefore, their retroactive application violates the *ex post facto* clauses of the Pennsylvania Constitution.  **Muniz**, 164 A.3d at 1193.

Shortly after our Supreme Court announced its decision in *Muniz*, this Court determined that the holding in *Muniz* should be applied in state collateral courts to comply with the United States and Pennsylvania Constitutions. *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017), citing *Montgomery v. Louisiana*, 136 S.Ct. 718, 734 (2016). However, in *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018), a case involving an untimely PCRA petition, we held that the appellant was required to demonstrate that the Supreme Court of Pennsylvania has held *Muniz* applies retroactively in order to satisfy the time-bar exception of 42 Pa.C.S. § 9454(b)(1)(iii) (new constitutional right exception), and because no such holding has been issued by our Supreme Court, a petitioner cannot rely on *Muniz* to meet that timeliness exception. *Murphy*, 180 A.3d at 405-406.

The Court in *Murphy* acknowledged the holding in *Rivera-Figueroa* and distinguished the case before it from *Rivera-Figueroa*. *Murphy*, 180 A.3d at 405-406. In *Murphy*, similar to the instant case, the appellant's PCRA petition was untimely. *Id*. at 405. However, in *Rivera-Figueroa*, the PCRA petition was timely filed. *Rivera-Figueroa*, 174 A.3d at 677. Hence, because our Supreme Court has not held that *Muniz* applies retroactively to satisfy the new constitutional right exception to the one-year time-bar, Appellant has not carried his burden to plead and prove applicability of one of the exceptions to the timeliness requirement. Accordingly, the PCRA court did not commit any error in dismissing Appellant's petition as untimely.

In conclusion, the PCRA petition was untimely and no exceptions apply. Therefore, the PCRA court lacked jurisdiction to address any claims presented. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear an untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/11/2019